IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN 2DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 09-38882-H1-13 |
| Warren A.  Anderson | § | Chapter 13 |
| | § | |
| ——————————————— | § | |
| | § | |
| Warren A. Anderson | § | |
| Plaintiff | § | |
| vs. | § | Adversary No. |
| | § | |
| Bank of New York Mellon Trust Company, | § | |
| N.A., as Trustee for Texas Department of | § | |
| Housing and Community Affairs | § | |
| Defendant | § | |
| ——————————————— | § | |

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY
INJUNCTION AND PERMANENT INJUNCITION AND DECLARATORY
JUDGMENT TO VACATE FORECLOSURE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Warren A. Anderson, Plaintiff, and files this Complaint against

Bank of New York Mellon Trust Company, N.A., as Trustee for Texas Department of

Housing and Community Affairs, Defendant, seeking for declaratory judgment to vacate

foreclosure , and would respectfully show the Court:

**A. Jurisdiction**

1.      On November 23, 2009 Plaintiff filed for relief under chapter 13 of the

Bankruptcy Code under case no. 09-38882-H1-13.

2.      This Court has jurisdiction pursuant to28 U.S.C. §§ 157(b), 1334 and

2201.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I)-(J).  Plaintiff seeks

injunctive relief and declaratory judgment in accordance with Rule 7001 of the Federal

Bankruptcy Rules of Procedure, Rules 57 and 65 of the Federal Rules of civil procedure and 11 U.S.C. § 105.

## B. Parties and Service

3.      Defendant Bank of New York Mellon Trust Company, N.A., as Trustee for Texas Department of Housing and Community Affairs, is a national banking association which may be served with service pursuant to Rule 2002 of the Federal Bankruptcy Rules of Procedure.

## C. Statement of Facts

4.      On November 7, 1985 Plaintiff purchased real property located at 6438 Coachwood Drive, Houston, Texas ("Residence"), more particularly described as follows:

> Lot Ten (10), Block One (1) of SOUTHWOOD PLACE,
> SECTION FOUR (4), Harris County Texas, according to
> the map or plat thereof recorded in Volume 253, Page 1 of
> the Map Records of Harris County, Texas.

5.      As consideration for the loan to purchase the Residence, Plaintiff executed a promissory note ("Note") dated November 7, 1985 in the original principal amount of $76,000.00 payable to the order of Allstate Enterprises Mortgage Corporation.

6.      As security for the Note, Plaintiff executed a Deed of Trust of even date therewith covering the Residence.

7.      Since purchasing the Residence on November 7, 1985 Plaintiff has continuously occupied the property as his homestead.

8.      During the applicable period of time, Defendant was allegedly the holder of the Note.

9.      At a foreclosure sale allegedly conducted on October 6, 2009, Defendant

purchased the Residence for $33,750.00.

### D. Arguments

10.     Plaintiff contends that the foreclosure sale should be vacated for four

reasons.

11.     First, Plaintiff contends that Defendant acted in bad faith in conducting the

foreclosure sale.  At the urging of Defendant, for the period of almost one year Plaintiff

engaged in substantial discussions with the Defendant's alleged loan servicer

Dovenmuehler Mortgage ("Loan Servicer") in an attempt to avoid foreclosure by either

curing the alleged monetary default by forebearance or modifying the Note.  Plaintiff

submitted all the documentation requested by the Loan Servicer.  Further, Plaintiff was

told by agents of the Loan Servicer not to make any loan payments while the Plaintiff's

request for forebearance/loan modification was being processed.  During this time

Plaintiff was not informed that a foreclosure sale was pending.  Plaintiff did not receive

Defendant's alleged written notice of the foreclosure sale.  However, instead of

processing the promised forebearance/modification in good faith, Defendant and/or

Defendant's agents engaged in bad faith conduct to deceive Plaintiff in order to foreclose

on the Residence.

12.     Second, the foreclosure process was defective and such defects coupled

with the grossly inadequate foreclosure price are grounds to vacate the alleged

foreclosure sale of the Residence.  Upon information and belief, Plaintiff alleges that the

alleged notice of default, required by the Deed of Trust prior to acceleration of the Note,

was improper.

13.     Third, Bruce M. Badger, the substitute trustee who allegedly noticed and conducted the foreclosure sale, was not properly appointed as substitute trustee (as required by the Deed of Trust) prior to noticing and conducting the alleged foreclosure sale.

14.     Although the value of the Residence valued by the Harris County Appraisal District at $89,200.00, Defendant alleged purchased the Residence at the foreclosure sale for only $33,750.00.

15.     Fourth, the recent United States Supreme Court case of *Jones v. Flowers*, 547 U.S. 220, 126 S.Ct. 1708, 164 L.E.2d 415 (2006) held that a non-judicial foreclosure sale conducted similar to the sale allegedly held in this case, violated the 14th Amendment to the United States Constitution.  Upon information and belief, Plaintiff alleges that the ultimate beneficiary of the Note, the Texas Department of Housing & Community Affairs ("Department"), is an agency of the State of Texas, and hence, the alleged foreclosure sale of the Residence was state action as defined by the 14th Amendment of the United States Constitution and therefore, subject to the holding in *Jones v. Flowers*.  The Department acts for the State of Texas.  Texas Government Code § 2306.053(b)(2).

16.     Unless Defendant is temporarily restrained from evicting Plaintiff and the alleged foreclosure vacated, Plaintiff will suffer immediate, irreparable injury, loss or damage because of the unique nature of the Residence. Attached as Exhibit A is the Affidavit of Plaintiff, attesting to the injury Plaintiff will suffer unless a temporary restraining order is issued.

WHEREFORE, Warren A  Anderson, Plaintiff, prays:

4

1.      Pursuant to Rule 65 of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7065, the Court issue a temporary restraining order, restraining the Defendant, the Defendant's attorneys, agents and employees and successors from evicting the Plaintiff from the Residence;

2.      The Court issue a preliminary and permanent injunction enjoining the Defendant, the Defendant's attorneys, agents and employees and successors from evicting the Plaintiff from the Residence;

3.      The Court issue a declaratory judgment that the alleged October 6, 2009 foreclosure sale of the Residence to Defendant be vacated and title to the Residence restored to Plaintiff;

4.      The Court award Plaintiff attorney's fees for bringing this complaint for declaratory judgment; and

5.       Such other relief which the Court deems just.

Respectfully submitted,

/s/ Thomas F. Jones, III
Thomas F. Jones, III
Texas Bar No. 10974400; SDN 4048
18333 Egret Bay Blvd, Suite 120
Houston, Texas 77058
Telephone: (281) 335-7744
Facsimile: (281) 335-4774
ATTORNEY FOR PLAINTIFF

OF COUNSEL: BAILEY & GAYLEN